```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-23-11
```

UNITED STATES DISTRICT COUR
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA

      v.

MOHAMED IBRAHIM AHMED,
a/k/a "Talha,"

      Defendant
-----------------------------------------------------x

10 Cr. 131 (PKC)

MEMORANDUM
AND ORDER
Filed with Classified
Information Security Officer
CISO  *illegible signature*
9/23/11

P. KEVIN CASTEL, District Judge:

      Defendant Mohamed Ibrahim Ahmed is charged in a four-count indictment with conspiracy to provide material support to a Foreign Terrorist Organization and conspiracy to receive military-type training from a Foreign Terrorist Organization. On October 15, 2010, on the *ex parte* motion of the Government, this Court entered a protective order pursuant to section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, permitting the Government to produce to defense counsel certain discoverable classified materials in summary format. (Docket # 16.) Also on October 15, 2010, pursuant to section 3 of CIPA, this Court entered a protective order limiting access to all classified information produced in discovery to those individuals who possess the requisite security clearance and have signed a Memorandum of Understanding. (Docket # 17.)

      Mr. Ahmed now challenges this Court's application of CIPA to the facts of his case. First, Mr. Ahmed asks this Court to reconsider its entry of the above protective orders. Second, Mr. Ahmed contends that CIPA is unconstitutional as applied. Specifically, Mr. Ahmed asserts that the above protective orders violate his (1) Sixth Amendment right to confront witnesses, (2) Sixth Amendment right to compulsory

process, (3) Sixth Amendment right to counsel, and (4) Fifth Amendment right to testify or present a defense. Third, Mr. Ahmed asserts that the Government should not have been permitted to proceed *ex parte* in connection with its application for the above protective orders and requests that the Government's prior *ex parte* submission be produced to him. Finally, Mr. Ahmed seeks an order requiring the Government to provide him with certain additional discovery. For the reasons explained below, defendant's motion is denied.

DISCUSSION

    I.    Overview of CIPA

CIPA establishes rules for the handling of classified information in criminal cases. "Classified information" is defined in CIPA as "information or material that has been determined by the United States Government pursuant to Executive order, statute or regulation to require protection against unauthorized disclosure for reasons of national security . . . ." 18 U.S.C. app. 3 § 1(a). The "animating purpose [of CIPA] is to harmonize a [criminal] defendant's right to obtain and present exculpatory material . . . with the government's need to withhold information from discovery when disclosure would be inimical to national security." In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 93, 115-16 (2d Cir. 2008) (internal quotation marks omitted) (citations omitted).

Where the discovery to be provided to a criminal defendant includes classified information, CIPA section 4 provides that "[t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery . . .

2

to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C. app. 3 § 4. CIPA section 4 contemplates that such application may be made *ex parte*. See id. ("The court may permit the United States to make a request [to deny or limit discovery of classified materials] in the form of a written statement to be inspected by the court alone.").

Moreover, in order to protect against unauthorized disclosure of the classified information, CIPA authorizes a court to enter a protective order imposing reasonable restrictions on the dissemination of classified information. CIPA section 3 provides that "[u]pon motion of the United States, the court shall issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case in a district court of the United States." 18 U.S.C. app. 3 § 3.

II. The Protective Orders

On October 14, 2010, the Government moved *ex parte* for a protective order, pursuant to CIPA section 4, authorizing it to substitute a summary of certain discoverable classified documents in lieu of the classified documents themselves. Upon receipt of the Government's motion, this Court conducted an *ex parte, in camera* review of the classified motion, memorandum of law, declarations of members of the United States intelligence community, as well as the classified materials. First, based upon a review of the materials and of the declarations of the government officials, which detail the reasons for the information's classification and the harm that would result from its disclosure, this Court was satisfied that the materials at issue contained or involved

3

classified information. See United States v. Juma Khan, 08 Cr. 621 (NRB), 2010 WL 330241, *1 (S.D.N.Y. Jan. 20, 2010); United States v. Abu-Jihaad, 07 Cr. 57 (MRK), 2008 WL 346121, *2 (D.Conn. Feb. 4, 2008). Next, applying the standard set forth by the Second Circuit in United States v. Aref, 533 F.3d 72, 80 (2d Cir. 2008), this Court found that the Government properly invoked the state secrets privilege because disclosure of the classified information could be expected to cause serious and, in some cases, exceptionally grave damage to national security. Finally, this Court concluded that the Government's proposed summary would serve as a fair and reasonable substitute for the discoverable classified information and would provide the defendant with substantially the same ability to make his defense. Accordingly, on October 15, 2010, this Court entered a protective order permitting the Government to substitute the approved summary of the classified documents in lieu of the classified documents themselves.

Additionally, on October 15, 2010, pursuant to CIPA section 3, this Court entered a second protective order limiting the dissemination of all classified information to those persons having the requisite security clearance and who have signed a Memorandum of Understanding. The defendant is represented by two defense counsel – one from the Federal Defenders Service and the other from the Court's Criminal Justice Act panel – who have satisfied the requirements set forth in the protective order and thus have access to the classified information. The defendant himself does not have access to the classified information.

III.   Defendant's As Applied Challenge to CIPA

In connection with this motion, this Court has re-reviewed all of the documentation and materials submitted in connection with the Government's October 14,

4

2010 *ex parte* motion. After a second review, this Court finds, as it did upon first review, that the information is classified, that the information is extremely sensitive, that the state secrets privilege applies, that the substituted summary is a fair and accurate characterization of the discoverable classified information and that access to all classified discovery is limited to those individuals who, among other things, have the required security clearance. The October 15, 2010 protective orders are necessary to protect national security interests but are tailored so as to allow the defendant substantially the same ability to make his defense.

This Court has also reviewed all materials submitted in connection with the current motion and has considered the constitutional arguments raised by the defendant. As explained more fully below, the October 15, 2010 protective orders do not violate the defendant's constitutional rights.

### A. Sixth Amendment Confrontation Clause

The defendant argues that the application of CIPA sections 3 and 4 to preclude his review of the original classified materials violates his Sixth Amendment right to confront witnesses against him. This contention is without merit. While there are protections for pretrial discovery in criminal cases, the Sixth Amendment's Confrontation Clause is not the source of those protections. The Confrontation Clause protects only a defendant's trial rights, and does not compel pretrial discovery. See Pennsylvania v. Ritchie, 480 U.S. 39, 52 (1987) ("[T]he right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination . . . . The ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all

information that might be useful in contradicting unfavorable testimony." (emphasis in original) (citation omitted)); United States v. Mejia, 448 F.3d 436, 458 (D.C.Cir. 2006) (concluding that denying a criminal defendant the opportunity to review classified discovery does not present a Confrontation Clause issue); see also Washington v. Walsh, 08 Civ. 6237 (DAB), 2010 WL 423056, *8-9 (S.D.N.Y. Feb. 5, 2010) (finding that petitioner's claim that withholding the detectives' names in discovery deprived him of an opportunity to uncover information that would be useful in cross-examination, "is beyond the scope of the Confrontation Clause").

B. Sixth Amendment Right to Compulsory Process

Mr. Ahmed's contention that his Sixth Amendment right to compulsory process was violated by this Court's application of CIPA sections 3 and 4 to the facts of his case is also without merit. The defendant in a criminal trial has a Sixth Amendment "right . . . to have compulsory process for obtaining witnesses in his favor." U.S. CONST. amend. VI. To establish a violation of this right, the "defendant must demonstrate that he was deprived of the opportunity to present a witness who would have provided testimony that was 'both material and favorable to his defense.'" Howard v. Walker, 406 F.3d 114, 132 (2d Cir. 2005) (quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982)).

Mr. Ahmed contends that, in violation of his right to compulsory process, he is "unable to subpoena or otherwise ascertain the contents" associated with two email addresses referenced in the Government's classified summary because the document is classified. (Def.'s Mot. at 10.) There is nothing in the record before this Court, however, to support Mr. Ahmed's contention that he has been deprived of the opportunity to

6

present witnesses associated with these email addresses who would be material and favorable to his defense. To the contrary, the Government has represented to this Court that as part of its investigation it executed search warrants on both of the email addresses and provided the defendant with the results, which include any and all information held by the internet service provider relating to the user, subscriber and contents of these email addresses. (Gov't Opp. at 15.) Moreover, the Government represents that the results of the search warrant are not classified. (Id.) As such, the defendant himself, along with his counsel, is free to review the available information pertaining to the two email addresses and has the opportunity, if he so chooses, to seek additional information associated with them.

        C.     Sixth Amendment Right to Counsel

Similarly, this Court's application of CIPA sections 3 and 4 to the facts of Mr. Ahmed's case does not deprive him of his Sixth Amendment right to counsel. Under the Sixth Amendment, "a criminal defendant is guaranteed not just the right to be represented by counsel but the right to the effective assistance of counsel." United States v. Triumph Capital Grp., Inc., 487 F.3d 124, 129 (2d Cir. 2007) (internal quotation marks omitted). "Effective assistance of counsel requires that the defendant be allowed to communicate with his or her attorney." Id.

The Second Circuit, however, has "recognized on more than one occasion that [n]ot all restrictions on communication between a defendant and his counsel are constitutionally prohibited." In re Terrorist Bombings, 552 F.3d at 127 (alteration in original) (internal quotation marks omitted); see United States v. 777 Greene Ave., 609 F.3d 94, 98 (2d Cir. 2010) ("[E]ven in criminal proceedings, the Sixth Amendment right

7

to counsel is not absolute."); Triumph Capital Grp., 487 F.3d at 129. "In certain contexts there can be an important need to protect a countervailing interest, which may justify a restriction on the defendant's ability to consult with his attorney if the restriction is carefully tailored and limited." Triumph Capital Grp., 487 F.3d at 129. The type of restriction that is justifiable is context-specific and depends on the interests that the restriction is intended to protect. See In re Terrorist Bombings, 552 F.3d at 127-28.

In an *ex parte* reply submitted in connection with the current motion, the defense urges that Mr. Ahmed would be deprived of his right to counsel if two identified items of classified information contained within the Government's classified summary are not disclosed to and discussed with Mr. Ahmed. By Order dated September 9, 2011, this Court instructed the defense to disclose to the Government the substance of the two items of classified information it wishes to discuss with Mr. Ahmed and required the Government to respond with its reasons, if any, why defense counsel ought not to be able to discuss these two items with Mr. Ahmed. (Docket # 38.)

In its response, the Government asserts that the concerns of prejudice to Mr. Ahmed if he is precluded from review of the two items of classified information are overstated. First, defense counsel is free to ask open-ended questions of the defendant to elicit whether he has any recollection or personal knowledge on the general subject. (September 16, 2011 Government Letter, pp. 1-2.) Second, if this case were to proceed to trial, there would be no basis for admissibility for these two items of information. (Id. at p. 2.) The Government also represents that it is working through the appropriate channels to determine whether it may be possible to release these two items of classified information to the defendant. (Id.)

8

If after review of the two items of information, the Government chooses to declassify the information, the issue now before this court would become moot. To the extent that the Government and defendant cannot reach a resolution as to the disclosure of these two items of information, this Court, for the reasons discussed below, concludes that defendant's Sixth Amendment right to counsel would not be violated by precluding defendant's access to these two classified items or the entirety of the classified summary in which the items are contained.

First, the national security concerns in this case are grave and justify excluding the defendant, who does not have the required security clearance and who stands accused of providing material aid to a Foreign Terrorist organization, from review of classified materials. Second, defendant is represented by two competent and experienced defense counsel who have reviewed the classified documents and have wide latitude to make inquires of the defendant about the topics contained therein without disclosing the classified information. Third, much of the substance of the classified summary and the other classified document at issue relates to interviews of the defendant taken by various foreign and domestic intelligence agencies. As such, Mr. Ahmed has first-hand knowledge of the events referenced in the classified documents and is in a unique position to discuss them with his counsel. Fourth, the Government has represented that it does not intend to introduce classified information at trial (Gov't Opp. at 25) and, in any event, the admissibility of such items is tenuous at best. Finally, the Government has provided, in unclassified form, the substance of the defendant's statements made to law enforcement that it intends to introduce in its case-in-chief at

trial. (Id. at 17, 25.) The defendant himself is free to review these statements and discuss them with his attorneys.

### D. Fifth Amendment Right to Testify or Present a Defense

The defendant contends that his inability to review classified materials violates his Fifth Amendment right to testify at trial and his right to present a complete defense. In his initial moving papers, the defendant spends no more than one sentence on this argument, does not detail how these rights are violated or provide any case law in support of his contention. To the extent that defendant specifies in his *ex parte* reply how these rights are violated, he points to his inability to review the same two items of classified discovery discussed above.

A defendant in a criminal case has the right to testify on his own behalf. See Rock v. Arkansas, 483 U.S. 44, 49 (1987). Nevertheless, "[t]he right 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'" Id. at 55 (quoting Chambers v. Mississippi, 410 U.S. 284, 295 (1973)). Such restrictions, however, "may not be arbitrary or disproportionate to the purposes they are designed to serve." Id. at 55-56. Similarly, a criminal defendant's right to present a full defense is not without limits. See United States v. Bifield, 702 F.2d 342, 350 (2d Cir. 1983). "In responding to the charges against him, an accused must comply with the established rules of procedure and evidence, as must the prosecution, in order to insure a fair trial." Id.; see United States v. Anderson, 872 F.2d 1508, 1519 (11th Cir. 1989) ("The district court's exclusion of the classified information did not deny the appellants their constitutional right to present a complete defense.").

10

For all the reasons discussed above in connection with defendant's Sixth Amendment right to counsel, the defendant's contention that his Fifth Amendment right to testify at trial and his right to present a complete defense are violated by precluding his review of the two identified items of classified information or the entirety of the classified documents is without merit.

IV.     The Government Submission was Properly Filed *Ex Parte, In Camera*

The defendant also contends that the Government should not have been permitted to proceed *ex parte* in connection with its application for the above protective orders and requests that the Government's prior *ex parte* submission be produced to him. Both section 4 of CIPA and Rule 16(d)(1), Fed. R. Crim. P., authorize *ex parte* proceedings. See 18 U.S.C. app. 3 § 4 ("The court may permit the United States to make a request [to deny or limit discovery of classified materials] in the form of a written statement to be inspected by the court alone."); Rule 16(d)(1), Fed. R. Crim. P. ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte."). Moreover, courts have routinely upheld such proceedings as proper practice. See e.g., United States v. Abu-Jihaad, 630 F.3d 102, 143 (2d Cir. 2010); Aref, 533 F.3d at 81; Juma Khan, 2010 WL 330241 at *3.

Here, the materials submitted in connection with the Government's October 14, 2010 motion, including the memorandum of law, the declarations of members of the United States intelligence community, and other attached documents, contain or involve highly sensitive classified information. Given the sensitive nature of the information at issue, an *ex parte, in camera* review was proper. To have proceeded

11

otherwise would have "defeat[ed] the very purpose of the discovery rules." Aref, 533 F.3d at 81 (internal quotation marks omitted). Moreover, the national security concerns regarding disclosure of the classified information in this ongoing prosecution have not since dissipated. As such, revealing the Government's *ex parte* submission at this juncture remains improper.

V.  Additional Discovery

Rule 16, Fed. R. Crim. P., obligates the Government to produce items in its possession, custody or control that (1) are material to preparing a defense, or (2) may be used in its case-in-chief. Rule 16(a)(1)(E). The defendant contends that "[a] review of the CIPA disclosures makes clear that the government counsel has not yet produced all Rule 16 discovery in this case." (Def.'s Mot. at 17) The defendant offers no facts or argument in support of this conclusion. In its motion, the defendant requests the following discovery pursuant to Rule 16, Fed. R. Crim. P.:

1) Notes of every interview of Mr. Ahmed conducted by law enforcement;

2) Recordings of questioning/interrogation of Mr. Ahmed by law enforcement;

3) Internal documents reflecting the monitoring of Mr. Ahmed by law enforcement;

4) All phone logs for international phone numbers listed on page 9 of Exhibit A;

5) All emails sent by or received by Mr. Ahmed including those at bijorn114@hotmail.com, 2008adam9@gmail.com;

6) Documents reflecting notes, discussions or conclusions of Mr. Ahmed's mental instability;

7) Documents that discuss the relationship (or lack of relationship) between Al Shabaab and Al Qaeda;

12

       8)      Documents that discuss the goals, direction, limitations and fatwahs of Al Shabaab.

(Def.'s Mot. at 17-18.)

At this juncture, there is no factual basis to conclude that the Government has failed to comply with its Rule 16 obligations. The Government represents that it has already produced items in its possession, custody or control that are responsive to Requests (1), (2), (3), (4), (5), and (6). To the extent that such requests encompass classified information, the Government's production of such materials in a manner consistent with the protective orders entered by this Court on October 15, 2010 does not constitute a failure on the part of the Government to satisfy its Rule 16 obligations. The remaining requests, Requests (7) and (8), are overly-broad and no explanation is offered as to why such a breadth of materials on the topic is required. The Government is reminded of its ongoing obligation under Brady v. Maryland, 373 U.S. 83, (1963) and Giglio v. United States, 405 U.S. 150 (1972); otherwise, the defendant's request for additional discovery is denied.

CONCLUSION

       The defendant's motion (Docket # 29) is DENIED.

SO ORDERED.

                                               P. Kevin Castel
                                        United States District Judge

Dated: New York, New York
       September 23, 2011