UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                       Plaintiff,

            -against-

MOHAMED IBRAHIM AHMED,
    a/k/a "Talha,"

                       Defendant.
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-22-12

10 Cr. 131 (PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

        Defendant Mohamed Ibrahim Ahmed moves to dismiss Count Five of the Superseding Indictment, arguing that the statute underlying that count, 18 U.S.C. 924(c), has no extraterritorial application. Because section 924(c) applies extraterritorially in the circumstances of this case, defendant's motion is denied.

## BACKGROUND

        The Court ruled on a motion to dismiss other counts of the previous indictment in a Memorandum and Order dated October 21, 2011. United States v. Ahmed, 2011 WL 5041456 (S.D.N.Y. Oct. 21, 2011). Familiarity with that opinion is assumed. It suffices for present purposes to note the following. An indictment unsealed on March 10, 2010, alleged that defendant, by his acts in Somalia and Nigeria, had conspired to and had provided material support to al Shabaab, a designated terrorist organization, in violation of 18 U.S.C. § 2339B. The indictment further alleged that defendant had conspired to and had received military-type training from al Shabaab, in violation of 18 U.S.C. § 2339D. Defendant moved to dismiss the indictment, arguing that sections 2339B and 2339D either did not apply or could not be applied constitutionally to defendant's alleged interactions with Al Shabaab because his acts had no

territorial nexus with the United States. The Court denied defendant's motion, holding that the statutes could be lawfully applied to defendant's extraterritorial conduct.

On December 21, 2011, the grand jury returned a superseding indictment against defendant. (ECF No. 52.) The superseding indictment adds a fifth count against defendant, for violation of 18 U.S.C. § 924(c). Section 924(c) provides that

> [A]ny person who, during and in relation to any crime of violence or during a drug trafficking crime . . . for which the person may be prosecuted in a Court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime [be sentenced to an additional term of imprisonment].

18 U.S.C. § 924(c)(1)(A)-(B). The indictment alleges that defendant, "knowingly did use and carry a firearm during and in relation to [the earlier-indicted crimes of violence], and, in furtherance of such crimes, did possess a firearm and did aid and abet the use, carrying and possession of a firearm, to wit, while in Somalia, [defendant] possessed and carried . . . an AK-47, and provided the AK-47 to a co-conspirator . . . affiliated with Al Shabaab." (Superseding Indictment ¶ 18.)

DISCUSSION

Defendant moves to dismiss Count Five of the superseding indictment. Defendant bases his argument on the "longstanding principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." Morrison v. Nat'l Austl. Bank Ltd., 130 S.Ct. 2869, 2877 (2010) (quoting EEOC v. Aramco, 499 U.S. 244, 248 (1991) (in turn quoting Foley Bros., Inc. v. Filardo, 336 U.S. 281, 285 (1949)) (quotations omitted)). Defendant argues, in sum, that neither the language nor legislative background of section 924(c) expresses an intent that the statute

should apply extraterritorially, and therefore it does not apply extraterritorially. In response, the Government argues that section 924(c) is an "ancillary" statute that depends for its reach on the reach of the underlying substantive criminal statute to which it is applied; therefore section 924(c) has extraterritorial application when the underlying statute has extraterritorial application.[1]

The Court agrees that section 924(c) is an ancillary statute that has extraterritorial application when the underlying substantive criminal statute has extraterritorial application. The statute applies "to any crime of violence . . . for which the person may be prosecuted in a Court of the United States." 18 U.S.C. § 924(c)(1)(A). Some crimes of violence committed outside the United States are prosecutable in a Court of the United States. See, e.g., Yousef, 327 F.3d at 87-88 (statute prohibiting willful destruction of U.S.-flag aircraft applies extraterritorially). Therefore, section 924(c) has extraterritorial application, specifically, when applied to those predicate crimes that themselves have extraterritorial application. This is the uniform holding of every federal court that has considered the issue. See United States v. Belfast, 611 F.3d 783, 815 (11th Cir. 2010) ("There can be no violation § 924(c) without a predicate offense, and it follows that the statute's reach is determined by the breadth of the predicate offense"); United States v. Mardirossian, No. 11 Cr. 350, 2011 WL 4851148, *2 (S.D.N.Y. Oct. 13, 2011) (section 924(c) is ancillary statute and "ancillary statutes . . . apply extraterritorially whenever the underlying statute does" (citing United States v. Yousef, 327 F.3d 56, 87-88 (2d Cir. 2003))); United States v. Bin Laden, 92 F.Supp. 2d 189, 197 (S.D.N.Y. 2000)

---

[1] The Government also argues that section 924(c) is among a class of statutes to which the presumption against extraterritorial application does not apply, because the "nature of the crime does not depend on the locality of the defendant's acts and . . . restricting the statute . . . would severely diminish its effectiveness," United States v. Yousef, 327 F.3d 56, 87 (2d Cir. 2003) (citing United States v. Bowman, 260 U.S. 94, 98 (1922)). The Court does not address this argument. See United States v. Mardirossian, No. 11 Cr. 350, 2011 WL 4851148, *2 (S.D.N.Y. Oct. 13, 2011) (finding it "doubtful" whether Bowman applied to section 924(c), but holding that section 924(c) applies extraterritorially).

(same); accord United States v. Hasan, 747 F.Supp. 2d 642, 683-85 (E.D.Va. 2010); United States v. Reumayr, 530 F.Supp. 2d 1210, 1219 (D.N.M. 2008); United States v. Emmanuel, No. 06 Cr. 20758, 2007 WL 2002452, *13 (S.D.Fla. July 5, 2007).

Morrison does not change this analysis. In Morrison, the Supreme Court considered the extraterritorial application of section 10(b) of the Securities Exchange Act of 1934. See 130 S.Ct. at 2875. Section 10(b) is a substantive statute that is silent as to its extraterritorial application. See 15 U.S.C. § 78j(b). The Court reaffirmed that "'[w]hen a statute gives no clear indication of an extraterritorial application, it has none." Morrison, 130 S.Ct. at 2878. Because the Court found no affirmative indication in the Exchange Act that section 10(b) applied extraterritorially, it held that section 10(b) did not apply extraterritorially. Id. at 2883. However, the Court made clear that it was not transforming the presumption into a "clear statement rule," or requiring that the statute say "this law applies abroad." Id. Context remains relevant, id., and where the language, in context, manifests a clear intention to give the statute extraterritorial effect, that clear intention prevails, see id. at 2877-78.

To the extent that Morrison applies to ancillary criminal statutes like section 924(c), it supports extraterritorial application. As has been discussed, section 924(c) explicitly applies "to any crime of violence . . . for which the person may be prosecuted in a Court of the United States." 18 U.S.C. § 924(c)(1)(A).[2] And, it is settled that certain crimes of violence committed abroad are punishable in United States courts. With this context, and with Morrison's guidance that a statute need not speak in geographic terms to speak clearly, 130 S.Ct.

---

[2] The Supreme Court has indicated that the word "any," when used in a statute, is not always sufficient to establish the broadest possible application of that statute. In United States v. Small, the Court held that in the context of the felon-in-possession statute the phrase "convicted in any court" did not apply to foreign courts. 544 U.S. 385, 394 (2005). In contrast to the felon-in-possession statute, section 924(c), references a discrete class of U.S. laws— crimes prosecutable in United States Courts—and the broadest possible reading neither risks inconsistency with U.S. law nor expands the substantive reach of the predicate offenses.

at 2883, section 924(c) manifests an intention of extraterritorial application.[3] Therefore, even applying Morrison's teachings, the extraterritorial reach of section 924(c) is coterminous with the undisputed extraterritorial reach of certain statutes prohibiting crimes of violence.

In this case, the Court has already ruled that the substantive crimes with which the defendant is charged have lawful extraterritorial application to defendant's conduct as alleged in the indictment. See 2011 WL 5041456. Defendant does not dispute that those crimes are crimes of violence. Therefore, because sections 2339B and 2339D are crimes of violence that can be prosecuted in a Court of the United States, section 924(c) applies to those statutes and the underlying extraterritorial conduct alleged in this case.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss Count Five of the Superseding Indictment (ECF No. 55) is denied.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
March 21, 2012

---

[3] Defendant points to the legislative history behind section 924(c) as evidence that section 924(c) only contemplates domestic crimes. Section 924(c) was passed as part of the Gun Control Act of 1968, Pub. L. No. 90-618, 82 Stat. 1213, 1224. Portions of the legislative history discussing the Act as a whole focused on the damage that guns had done within the United States. See, e.g., H.R. Rep. No. 90-1957 (1968), reprinted in 1968 U.S.C.C.A.N. 4410, 4412-13. However, the language of section 924(c) as originally passed was as broad as the present language: the statute was made applicable to "whoever . . . carries a firearm unlawfully during the commission of any felony which may be prosecuted in a court of the United States." 82 Stat. 1213 at 1224. Lawmakers chose to enact language unambiguously extending the statute's reach to any crime prosecutable in the courts of the United States.